## Hall's Admx. v. Hall's Admr., et al.

(Decided December 8, 1911.)

### Appeal from Mason Circuit Court.

Gift—Diamond Ring—Lover to Affianced—Objection by Mother—Death of Husband—Suit by Administrator to Recover Ring.—A husband prior to marriage, gave to his intended wife a large diamond set in a heavy gold band, as a finger ring, which on account of her youth her mother objected to her wearing or keeping, and caused it to be returned to her husband. He gave it back to her and wrote to her that if her mother persisted in her objection he would wear it until they were married when he would have it made into a brooch for her. He lived only a short time after their marriage, and after his death his administrator sued to recover the ring from his widow. Held, the evidence shows the gift, that he wore it after the marriage is not enough to indicate that it was given back to him.

A. D. COLE for appellant.

WORTHINGTON & COCHRAN for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Prior to his marriage to appellant, James H. Hall, of Maysville, gave her a large diamond, set in a heavy gold band as a finger ring. On account of the young lady's youth her mother objected to her wearing or keeping the ring, and caused it to be returned to Mr. Hall. However, he gave it back to her, and finally wrote her saying that he would not take it back again, but if her mother persisted in her objection he would wear it until they were married, when he would have the gem made into a brooch for her. They were married, but Mr. Hall lived only a short while afterward. This suit is by an administrator to recover the ring from the widow. The evidence shows the gift. That he wore it after the marriage is not enough to indicate that it was given back to him.

The suggestion is made that the letter mentioned referred to another ring. But all the evidence refutes this suggestion. The evidence is overwhelmingly in favor of appellant, and the judgment should have been rendered in accordance with it.

Reversed and remanded for judgment conforming hereto.